IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD L. DUPLESSIE, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 3:04-CV-2361-M |
| ZALE CORPORATION and ZALE DELAWARE INC., | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss of Defendants Zale Corporation and Zale Delaware, Inc. (collectively "Zale"), filed on December 17, 2004. For the reasons discussed below, this Motion is **DENIED**.

Plaintiff Ronald Duplessie ("Duplessie") filed a class action lawsuit against Zale alleging that he and others similarly situated were discriminated against on the basis of their race. This lawsuit is related to *Bell-Pierce v. Zale Corp.,* a case which was dismissed, without prejudice, on October 7, 2004, by United States District Judge Robert Echols of the Middle District of Tennessee. In that case, Jocelyn Bell-Pierce ("Bell-Pierce") filed suit against Zale alleging race discrimination against a class of Zale employees. During the pendency of that suit, Bell-Pierce filed for bankruptcy. Due to her bankruptcy, Bell-Pierce became an inadequate representative for the class. Prior to her dismissal as the class representative, Duplessie filed a motion seeking to

substitute himself for Bell-Pierce as the class representative. Duplessie's motion was granted. However, Duplessie had no contacts with Tennessee, so the case was dismissed without prejudice for improper venue.

On November 2, 2004, Duplessie filed the instant lawsuit in the Northern District of Texas. Zale's Motion seeks to dismiss this suit for three reasons. First, Zale contends that Duplessie is not an adequate class representative. Second, Zale argues that Duplessie has not specifically alleged a prima facie case for his disparate impact claim. Third, Zale avers that Duplessie did not fulfill the statutory prerequisites for filing this lawsuit.

Duplessie has not yet filed for class certification. The Court finds Zale's arguments concerning Duplessie's adequacy as a class representative premature. *See Bell-Pierce v. Zale Corp.*, No. 3:02-1238, slip op. at 3 (M.D. Tenn. Aug. 25, 2003) (denying a motion to dismiss and finding Defendants' arguments about whether the class could be certified to be prematurely made in a motion to dismiss); *see also Ford v. United States Steel Corp.*, 638 F.2d 753 (5th Cir. 1981) (vacating a district court's decision to dismiss a class action due to the inadequacy of the named plaintiff and remanding the case for determination as to whether a live controversy exists). The Court expresses no opinion at this time as to whether the putative class will be certified or whether Duplessie is an adequate class representative.

As to Zale's argument that Duplessie has not pled his disparate impact claim with specificity, the Supreme Court has held that an "employment discrimination complaint need not include [specific facts establishing a prima facie case of discrimination] and instead must contain only a short and plain statement of the claim showing that the pleader is entitled to relief."

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002).  At this stage of the litigation, Duplessie is only required to give Zale fair notice of the claims that will be asserted against it.  *Bates v. United States Small Bus. Assoc.*, No. 3:01-CV-1614-D, 2004 U.S. Dist. LEXIS 23208, at *11 (N.D. Tex. Nov. 16, 2004) (citing *Swierkiewicz*, 534 U.S. at 508).  Plaintiff alleges that qualified African-Americans have sought promotion within Zale, but few have been promoted.  Compl. ¶ 46, 47, 48, 49, 50, 51.  For example, Plaintiff alleges that of the "approximately 60 Regional Managers in the Zales Jewelers division[,] . . . only approximately two (2) are African-American."  *Id.* at ¶ 46.  Duplessie also alleges that as a result of discriminatory practices, African-Americans are placed at Zale stores in areas with large minority populations.  *Id.* ¶ 57.  Plaintiff alleges that these stores tend to have a lower volume of business and thus, the employees placed at these locations receive less compensation.  *Id.* ¶ 60, 61.  Plaintiff alleges that Defendants' promotion and job placement procedures are discriminatory in nature, and that Defendants either intentionally discriminate or that their policies, practices, and procedures result in a disparate impact upon African-Americans.  *Id.* ¶ 53, 62.  These allegations are sufficient to place Zale on fair notice of the Plaintiff's claims.

Zale also contends that this suit should be dismissed because Duplessie did not timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  "A claimant must file a Title VII discrimination claim with the EEOC within 300 days of the challenged discrimination."  *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003).  Duplessie's charge was filed on September 7, 2004, and in it he alleged that the latest act of

discrimination occurred on June 1, 2003.  App. Def. Mot Dismiss at 1.[1]  Thus, Zale argues Duplessie's charge was untimely because more than 300 days elapsed between the alleged discrimination and the filing of the charge.  Plaintiff argues that the statute of limitations was tolled by Bell-Pierce's suit and thus, Duplessie's charge was timely filed.

"It is well established that a Title VII plaintiff may bring a class action on behalf of those members who have not filed charges with [the] EEOC and that [the] charge [filed by the plaintiff] tolls the running of the . . . limitation period for all members of the class." *NAACP v. Corinth*, 83 F.R.D. 46, 57 (N.D. Miss. 1979).  In order for a plaintiff to "piggyback" on a charge filed by another similarly situated person, three requirements must be satisfied:

> First, the plaintiff must be "similarly situated" to the person who actually filed the EEOC charge.  Second, the charge must have provided some notice of the "collective or class-wide nature of the charge."  Finally, a prerequisite – implicit to be sure – for piggybacking under the single filing rule is the requirement that the individual who filed the EEOC charge must actually file a suit that the piggybacking plaintiff may join.

*Bettcher v. Brown Schools., Inc.,* 262 F.3d 492, 494 (5th Cir. 2001) (internal citations omitted).

Bell-Pierce filed her charge on October 1, 2001, and her lawsuit was filed on December 23, 2002.  Compl ¶ 11, 16.  Duplessie intervened in her suit as a named Plaintiff, and in the

---

[1] Zale attached a copy of Duplessie's charge as an appendix to its Motion to Dismiss.  Duplessie attached a copy of Bell-Pierce's charge as an appendix to his Response.  "In deciding a motion to dismiss, the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (citing *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017-18 (5th Cir. 1996)).  The Court finds that the charges filed by Duplessie and Bell-Pierce were incorporated by reference as a part of the Complaint.  Thus, the Court will consider the charges in its determination of this Motion to Dismiss.  However, Duplessie's affidavit, which was attached as an appendix to his Response, will not be considered, because it is extrinsic to the Complaint.

instant case, Duplessie seeks to represent the same class which Bell-Pierce sought to represent. Duplessie claims that his obligation to file a charge was tolled by Bell-Pierce's charge and that he can thus "piggyback" on the filing of her charge. Duplessie filed a charge with the EEOC on September 7, 2004. Bell-Pierce's suit was dismissed on October 7, 2004. Relying on *Bettcher*, Zale argues that Duplessie cannot piggyback his claims onto Bell-Pierce's EEOC charge. In *Bettcher,* the Fifth Circuit upheld the district court's decision to dismiss the plaintiff's claims because he did not meet the prerequisites to piggyback on the charge previously filed by another individual.

When deciding a motion to dismiss, the Court accepts "the [factual] allegations of the complaint as true, and resolv[es] 'any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff.'" *Jones v. ALCOA, Inc.,* 339 F.3d 359, 362 (5th Cir. 2003) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). Based on the allegations in the Complaint, this case is clearly distinguishable from *Bettcher*, and satisfies the three prerequisites described therein. First, in *Bettcher*, the individual whose charge the plaintiff was seeking to piggyback never filed a lawsuit, class action or otherwise. Second, here the charge filed by Bell-Pierce makes both individual and class allegations, Bell-Pierce filed a class action lawsuit, and Duplessie was purportedly a member of the class she sought to represent. Third, the charge upon which the plaintiff was seeking to piggyback in *Bettcher* claimed both sex and age discrimination, whereas the plaintiff was claiming only age discrimination, so there was a question as to whether they were similarly situated. Here, in contrast, the charges filed by Duplessie and Bell-Pierce both complain of race discrimination in

5

pay and promotion at Zale.  Last, here both Bell-Pierce and Duplessie filed charges, unlike what occurred in *Bettcher*.

Defendant further argues that Bell-Pierce's suit may not be used to toll the statute of limitations in this case because such tolling is unavailable for subsequent class actions.  In the case of *Salazar-Calderon v. Presidio Valley Farmers Association,* the Fifth Circuit held that plaintiffs may not "toll the statute of limitations indefinitely" by filing one class action after another.  765 F.2d 1334, 1351 (5th Cir. 1985).  However, that general principle is designed to prevent abuse and its application in particular cases depends upon the facts therein.  *In re Norplant Contraceptive Prods.,* 961 F.Supp. 163, 167 (E.D. Tex. 1997).

*Salazar* involved the consolidation of four class action lawsuits.  765 F.2d at 1350.  After class certification was denied in the first lawsuit, *Lara v. PVFA*, two other suits were filed on behalf of the putative class members in *Lara.*  Two days after class certification was denied in those suits, a fourth suit, *Zuniga v. PVFA,* was filed.  The plaintiffs sought to have the statute of limitations tolled during the pendency of the class certification motions from the first three cases so that the *Zuniga* claims would be timely.  The court found this to be an abuse of the piggyback mechanism and concluded that the statute was tolled only during the pendency of the first class certification motion.  The facts here are distinguishable.  Duplessie is not seeking multiple tolling periods.  He filed his charge during the pendency of Bell-Pierce's suit and he intervened in that suit.  Duplessie's charge is timely if the statute of limitations is tolled during the pendency of the first suit.  The Court concludes that the concerns expressed by the Fifth Circuit in *Salazar* are not present here.

The Court finds that Duplessie has sufficiently alleged that the three hundred day period was tolled by the original Bell-Pierce suit and that the application of piggybacking renders his charge timely. Therefore, dismissal is not appropriate. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

For the reasons herein stated, Defendants' Motion to Dismiss is **DENIED**.

**SO ORDERED.**

May 18, 2005.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE